IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAWRENCE S. BRODSKY, individually and as the representative of a class of similarly-situated persons, ) ) ) ) Plaintiff, ) ) v. ) HUMANADENTAL INSURANCE COMPANY d/b/a HUMANA SPECIALTY BENEFITS, ) ) ) ) ) Defendant. ) | No. 10-C-3233 |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, Chief Judge:

In March 2010, plaintiff Lawrence Brodsky ("Brodsky") filed a class action complaint against defendant HumanaDental Insurance Company ("HumanaDental"), in the Circuit Court of Cook County alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 (Count I), common law conversion under Illinois law (Count II), and violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("Consumer Fraud Act"), 815 ILCS 505/2, as well as "substantially [sic] consumer protection statutes of states in which other class members reside" (Count III). (10-C-3233, Dkt. No. 1, Ex. B ("2010 Compl.") ¶¶ 19-44.) On May 26, 2010, HumanaDental timely filed a notice of removal under 28 U.S.C. § 1446. (10-C-3233, Dkt. No. 1.) Currently before this court is HumanaDental's "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12" (10-C-3233, Dkt. No. 14 ("HumanaDental's Mot.").) For the reasons explained below, HumanaDental's Motion to Dismiss is denied, but HumanaDental's request to strike the references to unnamed consumer protection statutes and request for

injunctive relief under the Consumer Fraud Act set forth in Brodsky's complaint filed in 2010 is granted.

## BACKGROUND

In July 2008, Brodsky filed a class action lawsuit in the Circuit Court of McHenry County, Illinois against Humana, Inc., ("Humana") the parent company of HumanaDental ("2008 Case"). (08-C-50188, Dkt. No. 1, Ex. B.) In his complaint in the 2008 Case ("2008 Complaint"), Brodsky alleged that Humana transmitted unsolicited fax advertisements to Brodsky and other class members without consent and absent any established business relationships, thereby violating both the TCPA and the Consumer Fraud Act and committing common law conversion. (*Id.* ¶¶ 11–29.) Brodsky also filed a motion for class certification in the Circuit Court of McHenry County, which described the potential class members and stated that "[p]laintiff will file a supporting Memorandum of Law in due course." (08-C-50188, Dkt. No. 1, Ex. C.)

On August 25, 2008, Humana removed the 2008 Case to the Northern District of Illinois, Western Division, where it was assigned to United States District Judge Philip G. Reinhard and United States Magistrate Judge P. Michael Mahoney. (08-C-50188, Dkt. No. 1.) On October 7, 2008, Brodsky voluntarily dismissed his common law conversion (Count II) and Consumer Fraud Act (Count III) claims in the 2008 Case. (08-C-50188, Dkt. No. 18.) Thereafter, Brodsky's TCPA claim against Humana was the only remaining claim in the 2008 Complaint.

On August 12, 2009, Humana contacted Brodsky and offered to settle his claims for $3,500. (10-C-3233, Dkt. No. 19 ("Brodsky's Resp."), Ex. D.) After tendering this settlement offer, Humana proceeded to file a motion to dismiss Brodsky's claims for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), arguing that its settlement offer to

2

Brodsky mooted his claims against Humana. (08-C-50188, Dkt. No. 59.)

While Humana's motion to dismiss was pending, Brodsky, having determined that Humana was not the proper defendant, filed a "Motion for Leave to Amend Complaint to Substitute Defendants" (08-C-50188, Dkt. No. 69), seeking leave to amend his 2008 Complaint to replace defendant Humana with HumanaDental, a subsidiary of Humana.[1] Magistrate Judge Mahoney denied Brodsky's motion for leave to amend on November 13, 2009, noting that Brodsky would have to "file a separate lawsuit" against HumanaDental. (11/13/09 Tr. 9:9-14 (attached as Ex. G to Brodsky's Resp.); 08-C-50188, Dkt. No. 72.)

After Magistrate Judge Mahoney denied Brodsky's Motion for Leave to Amend the Complaint, Humana sent a second settlement letter to Brodsky on November 13, 2009, reiterating its offer to settle Brodsky's claims for $3,500 plus any recoverable costs. (Brodsky's Resp., Ex. H.) In that letter, Humana additionally stated that the settlement offer was made on behalf of HumanaDental. (*Id.*) On December 22, 2009, Judge Reinhard dismissed Brodsky's claims against Humana without prejudice, finding that the court no longer had subject matter jurisdiction over Brodsky's claims because Brodsky admitted "he [had] no claim against Humana, Inc." (08-C-50188, Dkt. No. 83.) This admission, according to Judge Reinhard, "eliminate[d] any pending case or controversy depriving [the] court of subject matter jurisdiction." (*Id.*) In the dismissal order, Judge Reinhard also expressly recognized that the

---

[1] Humana's 2009 Annual Report to the U.S. Securities and Exchange Commission identifies HumanaDental as a Humana subsidiary. (*See* Humana, Annual Report (Form 10-K), at Ex. 21 at 4 (attached as Ex. 13 to Dkt. No. 16, Ex. A ("HumanaDental's Mem.")).) This court can take "judicial notice of matters of public record, such as . . . SEC filings," *Patten v. N. Trust Co.*, 703 F. Supp. 2d 799, 803 n.2 (N.D. Ill. 2010) (Lefkow, J.) (citing *General Elec. Capital Corp. v. Lease Resolution Corp.,* 128 F.3d 1074, 1080-81 (7th Cir. 1997))), and Brodsky does not appear to dispute the parent/subsidiary relationship between Humana and HumanaDental (*see* Brodsky's Resp. 10-12).

3

"plaintiff's proper course of action would be to file a new action against the new defendant." (*Id.*) Brodsky then filed a complaint against HumanaDental in the Circuit Court of Cook County ("2010 Complaint") in March 2010, along with a motion for class certification. (10-C-3233, Dkt. No. 1, Exs. B & C.)

In his 2010 Complaint, Brodsky brings three counts against HumanaDental: violations of the TCPA (Count I), common law conversion under Illinois law (Count II), and violations of the Consumer Fraud Act, as well as "substantially [sic] consumer protection statutes of states in which other class members reside" (Count III). (10-C-3233, Dkt. No. 1, Ex. B, Compl. ¶¶ 19–44.) HumanaDental timely removed this case to the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1441(b), (10-C-3233, Dkt. No. 1), and proceeded to file its "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12" (Dkt. No. 14), which is currently before this court. Specifically, HumanaDental moves to dismiss Brodsky's claims under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction or, alternatively, under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. In addition, HumanaDental requests that the court strike certain references in Brodsky's complaint. For the reasons explained below, HumanaDental's Motion to Dismiss (Dkt. No. 14) is denied, and HumanaDental's request to strike certain references in the 2010 Complaint is granted.

ANALYSIS

I.      Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction

In reviewing a Rule 12(b)(1) motion to dismiss, the court accepts as true the allegations in the complaint and weighs the evidence submitted by the parties "to determine whether jurisdiction has been established." *U. Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003). The party asserting jurisdiction bears the burden of proof. *Id.* In this case, HumanaDental argues that Brodsky's claims are moot based on Humana's previous settlement letters to Brodsky. As a result, according to HumanaDental, this court lacks subject matter jurisdiction over Brodsky's claims.

Under Article III of the U.S. Constitution, federal courts only have subject matter jurisdiction over actual cases and controversies. U.S. Const. art. III; *Goldhamer v. Nagode*, 621 F.3d 581, 584 (7th Cir. 2010). To satisfy this constitutional requirement, "a litigant must have suffered some actual injury that can be redressed by a favorable judicial decision." *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983). A case, therefore, "becomes moot when the dispute between the parties no longer rages, or when one of the parties loses his personal interest in the outcome of the suit." *Holstein v. City of Chi.*, 29 F.3d 1145, 1147 (7th Cir. 1994).

According to HumanaDental, Brodsky's claims do not present an actual case or controversy because Humana's August 12, 2009 and November 13, 2009 settlement letters offered Brodsky "all the relief he sought" in the 2008 Case. (10-C-3233, Dkt. No. 16, Ex. A ("HumanaDental's Mem.") at 6.) Brodsky, on the other hand, argues that HumanaDental "is not allowed to 'short-circuit' a class action after a plaintiff filed his motion for class certification, but before the court can rule on the motion for class certification." (Brodsky's Resp. 5 (citing *Susman v. Lincoln Am. Corp.*, 587 F.2d 866, 870-71 (7th Cir. 1978)).) The court agrees with Brodsky that the claims in the 2010 Complaint against HumanaDental are not moot.

      A.      Humana's Settlement Offers Did Not Moot Brodsky's Claims

5

Ordinarily, an offer that is "the equivalent of a default judgment . . . eliminates a legal dispute upon which federal jurisdiction can be based." *Greisz v. Household Bank*, 176 F.3d 1012, 1015 (7th Cir. 1999). However, when the named plaintiff represents a class of plaintiffs, satisfaction of the named plaintiff's claims will not necessarily moot the claims of the entire class. Instead, because "there are many potential party plaintiffs to the suit" before a class is certified, a settlement offer to the named plaintiff "is not an offer of the *entire* relief sought by the suit, unless the offer comes before class certification is sought and so before the existence of other potential plaintiffs has been announced." *Id.* (emphasis in original) (internal citations omitted); *see also Holstein*, 29 F.3d at 1147. In other words,

> the mooting of the named plaintiff's claim in a class action by the defendant's satisfying the claim does not moot the action so long as the case has been certified as a class action, or . . . so long as a motion for class certification has been made and not ruled on, unless . . . the movant has been dilatory.

*Primax Recoveries, Inc. v. Sevilla*, 324 F.3d 544, 546-47 (7th Cir. 2003) (internal citations omitted); *see also Susman*, 587 F.2d at 870 ("[W]hen a motion for class certification has been pursued with reasonable diligence and is then pending before the district court, a case does not become moot merely because of the tender to the named plaintiffs of their individual money damages."). According to Brodsky, Humana's settlement offers do not moot the claims asserted in the 2010 Complaint because Brodsky has been diligently pursuing class certification since filing the 2008 Complaint in the Circuit Court of McHenry County. The court agrees.

In *Radha Geismann, M.D., P.C. v. Allscripts Healthcare Solutions, Inc.*, Case No. 09 CV 5114, 2011 WL 148409 (N.D. Ill. Jan. 18, 2011), Magistrate Judge Kim held that a motion for class certification filed in state court before the removal of the action to federal district court prevented the defendant's offer of judgment to the named plaintiff from mooting the entire

6

action even though a separate motion for class certification had not been filed in the district court at the time of the offer. 2011 WL 148409, at *3-4. This court is persuaded by Magistrate Judge Kim's reasoning in *Geismann*, and applies it here.

As in *Geismann*, Brodsky filed a motion for class certification in state court before Humana tendered either settlement offer to Brodsky. Moreover, the record before the court demonstrates that Brodsky has been diligently pursuing class certification since filing the initial motion for class certification in the Circuit Court of McHenry County. In the 2008 Case, for example, the court entered Federal Rule of Civil Procedure 23 discovery schedules (*see* 08-C-50188, Dkt. Nos. 21 & 27), thereby indicating that Brodsky intended to continue pursuing his motion for class certification after the removal of the action to the district court. Similarly in this case, Brodsky filed a motion for class certification in the Circuit Court of Cook County before HumanaDental removed the action to this court. (*See* 10-C-3233, Dkt. No. 1, Ex. C.) This evidence sufficiently demonstrates Brodsky's diligent pursuit of class certification both before and after Humana tendered its settlement offers. Consequently, the court finds that Humana's settlement offers did not moot all the claims in this case, and Humana's motion to dismiss for lack of subject matter jurisdiction accordingly is denied.

II.     Motion to Dismiss under Federal Rule of Civil Procedure (12)(b)(6)

In the alternative, HumanaDental moves to dismiss Brodsky's claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state claim upon which relief can be granted. Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must provide fair notice to the defendant about the nature of the claim and the "grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson,* 355

U.S. 41, 47 (1957)). In ruling on a Rule 12(b)(6) motion to dismiss, the court must presume all of the well-pleaded facts and allegations in the complaint to be true and view them in the light most favorable to the nonmoving party. Fed. R. Civ. P. 12(b)(6); *Wilson v. Price*, 624 F.3d 389, 391 (7th Cir. 2010).

A complaint will survive a motion to dismiss only if it states a facially plausible claim for relief. *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1940 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. Thus, the factual allegations in the complaint must "raise a right to relief above the speculative level" and cross the "line between the possibility and plausibility of 'entitle[ment] to relief.'" *Bell Atl.*, 550 U.S. at 555 (alteration in original).

      A.      Res Judicata Does Not Bar Brodsky's Claims

According to HumanaDental, the doctrine of res judicata bars all of the claims asserted in Brodsky's 2010 Complaint based on Judge Reinhard's the dismissal of the 2008 Case. "Under res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Ross v. Bd. of Educ.*, 486 F.3d 279, 282 (7th Cir. 2007) (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)). In the Seventh Circuit, the party asserting res judicata must establish the following: "(1) identity of the claim, (2) identity of the parties, which includes those in 'privity' with the original parties, and (3) a final judgment on the merits." *Id.* at 283.[2] Here, HumanaDental argues that, based on the doctrine of res judicata, the

---

[2] In this case, because the previous judgment was issued in federal court, the court applies the federal law of claim preclusion. *Ross*, 486 F.3d at 283.

dismissal of the 2008 Case bars the current claims asserted against HumanaDental.[3] This court disagrees because Judge Reinhard's dismissal of Brodsky's claims in the 2008 Case was not a final judgment on the merits.

"In the law of preclusion, 'jurisdiction' is interchangeable with 'not on the merits.'" *Am. Nat'l Bank & Trust Co. v. Chicago*, 826 F.2d 1547, 1552 (7th Cir. 1987). Here, Judge Reinhard's December 22, 2009 order dismissed Brodsky's claims without prejudice having found that the court lacked subject matter jurisdiction over those claims. HumanaDental, however, argues that Judge Reinhard "mistakenly characterized [the dismissal] as 'jurisdictional'" as opposed to "on the merits." (HumanaDental's Mem. 10.)

HumanaDental is correct that a dismissal described as "jurisdictional" nevertheless may be "on the merits" for res judicata purposes depending on the basis for the dismissal. (*See* 10-C-3233, Dkt. No. 20 ("HumanaDental's Reply") at 7.) For example, as the Seventh Circuit explained in *American National*,

> [I]f the court says "you are too late" or otherwise wraps up the case in a way that indicates that the plaintiff has irrevocably failed, the use of jurisdictional language does not mean that the plaintiff may try again. A decision may be "on the merits" for purposes of preclusion even though the court did not resolve the merits.

826 F.2d at 1553.

In this case, however, the court finds that Judge Reinhard's order cannot reasonably be interpreted as "on the merits." Rather than "wrap[ping] up the case in a way that indicate[d] that

---

[3] As a procedural matter, although a district court generally should not look beyond the pleadings when considering a Rule 12(b)(6) motion, a "narrow exception to this rule . . . permit[s] a district court to take judicial notice of matters of public record without converting a motion for failure to state a claim into a motion for summary judgment." *See, e.g., General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). This exception allows "courts to avoid unnecessary proceedings when an undisputed fact in the public record establishes that the plaintiff cannot satisfy the 12(b)(6) standard." *Id.* at 1081. Thus, the court may take judicial notice of prior judicial proceedings and court records. *Id.*

[Brodsky] had irrevocably failed," *see id.*, Judge Reinhard expressly dismissed Brodsky's claims against Humana *without prejudice*, explaining that Brodsky's "admission that he [had] no claim against Humana, Inc. *eliminate*[*d*] *any pending case or controversy depriving* [*the*] *court of subject matter jurisdiction*." (08-C-50188, Dkt. No. 83 (emphasis added).) Even more telling, Judge Reinhard then explained that "plaintiff's proper course of action would be to file a new action against the new defendant." (*Id.*) The reason for the dismissal (i.e., the absence of a case or controversy) and the dismissal order's contemplation of future litigation indicate that the dismissal was jurisdictional, as opposed to "on the merits," for purposes of preclusion. The court therefore finds that the dismissal of the 2008 Case was not "on the merits," and HumanaDental's motion to dismiss Brodsky's 2010 Complaint based on the doctrine of res judicata accordingly is denied.

      B.  Brodsky Has Stated a Claim of Common Law Conversion (Count II)

HumanaDental further argues that Brodsky's claim for conversion under Illinois law should be dismissed under Rule 12(b)(6) for failure to state a claim. To state a prima facie claim of common law conversion in Illinois, Brodsky must allege that "(1) he has a right to the property; (2) he has an absolute and unconditional right to the immediate possession of the property; (3) he made a demand for possession; and (4) the defendant wrongfully and without authorization assumed control, dominion, or ownership over the property." *Cirrincione v. Johnson,* 703 N.E.2d 67, 70 (Ill. 1998).

According to HumanaDental, Brodsky's common law conversion claim fails for the following reasons: (1) HumanaDental never had control over Brodsky's property; (2) Brodsky never made a demand for possession of the property; (3) Brodsky has not alleged that HumanaDental's actions were intentional; (4) the maxim of *de minimis non curat lex* bars

Brodsky's conversion claim because Brodsky's damages amount to "mere pennies"; and (5) Brodsky cannot state a claim for conversion of employee time. The court will address each argument in turn.

First, both federal and state courts have rejected HumanaDental's argument that to adequately plead a claim for conversion, the plaintiff must allege that the defendant possessed the property at issue. *See Centerline Equip. Corp. v. Banner Personnel Serv., Inc.*, 545 F. Supp. 2d 768, 782 (N.D. Ill. 2008) (Pallmeyer, J.); *Green v. Anthony Clark Int'l Ins. Brokers, Ltd.*, No. 09 C 1541, 2009 WL 2515594, at *3 (N.D. Ill. Aug. 17, 2009) (Kennelly, J.); *Brodsky v. NIP Group, Inc.*, Case No. 08 CH 22051 (Cir. Ct. Cook County June 17, 2010) (attached as Ex. O to Brodsky's Resp.); *Iverson v. Lily's Bridal & Gifts, Inc.*, Case No. 08 CH 42957 (Cir. Ct. Cook County Jan. 2010) (attached as Ex. P to Brodsky's Resp.). As Judge Pallmeyer explained when addressing similar facts in *Centerline*, "Altering a chattel to materially change its characteristics can constitute conversion, even if the defendant never comes into possession of the chattel." 545 F. Supp. 2d at 782. The court is persuaded by the reasoning in *Centerline* and the other above-cited decisions and agrees that in this case HumanaDental's lack of actual possession over the chattels at issue does not defeat Brodsky's conversion claim.

Second, courts similarly have recognized that in pleading a conversion claim, a plaintiff need not allege a demand for return of the allegedly converted chattel if making such a demand would have been futile. *See Green*, 2009 WL 2515594, at *3. In this case, because the alleged fax transmission presumably materially altered the paper and toner from their original state, a demand for their return would have been futile. *See id.* Consequently, as in *Green*, the court finds that Brodsky's failure to allege a demand for return of the property does not require dismissal of Brodsky's conversion claim.

11

Third, the court disagrees with HumanaDental that Brodsky has failed to allege sufficient facts to demonstrate that HumanaDental's actions were intentional. Although conversion is an intentional tort, "it does not require proof of malice, culpability, . . . conscious wrongdoing" or "an intent to interfere with the rights of others." *Martel Enters. v. Chicago*, 584 N.E.2d 157, 159 (Ill. App. Ct. 1991). Here, Brodsky alleges that HumanaDental "permanently misappropriated the class members' fax machines, toner, [and] paper . . . to [HumanaDental's] own use" and "knew or should have known that its misappropriation . . . was wrongful and without authorization." (2010 Compl. ¶¶ 35-36.) The court finds that such allegations are sufficient to support the reasonable inference that HumanaDental acted intentionally.

Fourth, the court is not persuaded that, at this stage in the litigation, the maxim *de minimis non curat lex*, or "the law does not concern itself with trifles," bars Brodsky's conversion claim. According to HumanaDental, because Brodsky's alleged damages amount to "mere pennies," this court should dismiss his conversion claim. (HumanaDental's Mem. 16.) Courts have reached varying conclusions in determining whether the *de minimis* doctrine bars similar conversion claims where the damages allegedly consist of, *inter alia*, lost toner and paper. *Compare Garrett v. Rangle Dental Lab.*, No. 10 C 1315, 2010 WL 3034709, at *1 (N.D. Ill. Aug. 3, 2010) (Bucklo, J.) (finding *de minimis* doctrine barred conversion claim); *Paldo Sign & Display Co. v. Topsail Sportswear, Inc.,* No. 08 C 5959, 2010 WL 276701, at *2-3 (N.D. Ill. Jan. 15, 2010) (Anderson, J.) (same); *G.M. Sign, Inc. v. Stergo,* 681 F. Supp. 2d 929, 932-35 (N.D. Ill. 2009) (Zagel, J.) (same); *Stonecrafters*, *Inc. v. Foxfire Printing & Packaging, Inc.*, 633 F. Supp. 2d 610, 613-15 (N.D. Ill. 2009) (Kapala, J.) (same); *Rossario's Fine Jewelry, Inc. v. Paddock Publ'ns,* 443 F. Supp. 2d 976, 980 (N.D. Ill. 2006) (Shadur, J.) (same), *with R. Rudnick & Co. v. G.F. Protection, Inc.*, No. 08 C 1856, 2009 WL 112380, at *3-4 (N.D. Ill. Jan. 15,

2009) (Gottschall, J.) (finding *de minimis* doctrine did not bar conversion claim at motion to dismiss stage); *Centerline*, 545 F. Supp. 2d at 782 (same); *Brodsky v. NIP Group, Inc.*, Case No. 08 CH 22051 (Cir. Ct. Cook County June 17, 2010) (same); *Iverson v. Lily's Bridal & Gifts, Inc.*, Case No. 08 CH 42957 (Cir. Ct. Cook County Jan. 2010) (same).

This court is persuaded by the reasoning in *Centerline* and the decisions adopting its analysis, in addition to the two Illinois state court cases cited by Brodsky*, see Brodsky v. NIP Group, Inc.*, Case No. 08 CH 22051; *Iverson*, Case No. 08 CH 42957, and finds that it cannot determine at this stage whether the *de minimis* doctrine bars Brodsky's conversion claim. As Judge Pallmeyer explained in *Centerline*,

> [O]n a motion to dismiss, . . . [the court will not] presume that this injury is so minor that the maxim *de minimis non curat lex* applies. Such a presumption would be inconsistent with the court's duty to draw reasonable inferences of fact (in this case, the size of damages) in [the plaintiff's] favor.

545 F. Supp. 2d at 779.

Finally, the court does agree with HumanaDental that Brodsky cannot state a conversion claim based on the conversion of employee time. In *Brodsky v. NIP Group, Inc.*, cited by Brodsky, the court held that "employee time is not property within the meaning of conversion." *Brodsky v. NIP Group, Inc.*, Case No. 08 CH 22051, slip op. at 4. Instead, "[a]n action for conversion exists only for tangible personal property." *Id.*; *see also G.M. Sign*, 681 F. Supp. 2d at 932 (finding employee time is not a chattel subject to conversion); *Stonecrafters*, 633 F. Supp. 2d at 613 n.1 (same). The Illinois Supreme Court's decision in *In re Thebus*, 483 N.E.2d 1258 (Ill. 1985), cited by the court in *Brodsky v. NIP*, further supports this conclusion. *See* 483 N.E.2d at 1260 ("[A]n action for conversion lies only for personal property which is tangible, or at least represented by or connected with something tangible." (quoting 18 Am. Jur. 2d

13

Conversion § 9 (1965))).

Brodsky's reliance on *Centerline* for the opposite result is misplaced. In *Centerline*, the court notably did not address employee time in connection with its analysis of the plaintiff's conversion claim. *See Centerline*, 545 F. Supp. 2d at 781-82. Consequently, to the extent that Brodsky's conversion claim is based on HumanaDental's alleged conversion of employee time, that claim is dismissed.

  C.  Brodsky Has Stated a Claim Under the Illinois Consumer Fraud Act (Count III)

HumanaDental also argues that Brodsky's Consumer Fraud Act claim should be dismissed for failure to state a claim under Rule 12(b)(6). "Section 10a(a) of the Consumer Fraud Act creates a remedy for persons who suffer damage as a result of a violation of the Act committed by another person." *Robinson v. Toyota Motor Credit Corp.*, 775 N.E.2d 951, 960 (Ill. 2002) (citing 815 ILCS 505/10a(a)). To state a claim under the Consumer Fraud Act, a plaintiff must allege "(1) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, (3) the occurrence of the deception in the course of conduct involving trade or commerce, and (4) actual damage to the plaintiff (5) proximately caused by the deception." *Oliveira v. Amoco Oil Co.*, 776 N.E.2d 151, 160 (Ill. 2002). Recovery under the Consumer Fraud Act is available for actions that are "unfair as well as deceptive." *Robinson*, 775 N.E.2d at 960. Here, Brodsky only alleges that HumanaDental's actions were unfair. (2010 Compl. ¶¶ 41-42; *see also* Brodsky's Resp. 16-19.)

According to HumanaDental, Brodsky has not stated a claim under the Consumer Fraud Act because (1) he has not satisfied Federal Rule of Civil Procedure 9(b)'s heightened pleading standard, and (2) he has failed to adequately allege that HumanaDental's actions were unfair. Addressing the first argument, HumanaDental has not cited any authority applying Rule 9(b)'s

14

heightened pleading standard to Consumer Fraud Act unfairness claims. To the contrary, the Seventh Circuit explained in *Windy City Metal Fabricators & Supply, Inc. v. CIT Technology Financing Services, Inc.*, 536 F.3d 663 (7th Cir. 2008), that "[b]ecause neither fraud nor mistake is an element of unfair conduct under Illinois' Consumer Fraud Act, a cause of action for unfair practices under the Consumer Fraud Act need only meet the notice pleading standard of Rule 8(a), not the particularity requirement in Rule 9(b)." *Id.* at 670; s*ee also Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, No. 10-1686, 2011 WL 183163, at *9 (7th Cir. Jan. 21, 2011) ("When a [Consumer Fraud Act] claim alleges an unfair practice, the relaxed pleading standards of Rule 8 do indeed govern.").

The court is similarly unpersuaded by HumanaDental's argument that Brodsky has failed to allege sufficient facts to state a plausible claim under the Consumer Fraud Act. To determine whether an accused practice is unfair under the Consumer Fraud Act, Illinois courts consider "(1) whether the practice offends public policy; (2) whether it is immoral unethical, oppressive, or unscrupulous; [and] (3) whether it causes substantial injury to consumers." *Robinson*, 775 N.E.2d at 961 (citing *F.T.C. v. Sperry & Hutchinson Co.,* 405 U.S. 233, 244 n.5 (1972)). "All three criteria do not need to be satisfied to support a finding of unfairness," but rather "[a] practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." *Id.* (citing *Cheshire Mortgage Servs., Inc. v. Montes*, 612 A.2d 1130, 1143 (Conn. 1992)).

First, the court finds that Brodsky has sufficiently alleged that HumanaDental's transmission of unsolicited fax advertisements offends public policy. Indeed, courts addressing this issue frequently accept that the transmission of such faxes, which could constitute violations of both the TCPA and the Illinois Criminal Code, *see* 720 ILCS 5/26-3(b), does offend public

policy. *See Paldo Sign,* 2010 WL 276701, at *3 (Anderson, J.); *Green*, 2009 WL 2515594, at *4 (Kennelly, J.); *G.M. Sign,* 681 F. Supp. 2d at 935 (Zagel, J.); *Stonecrafters*, 633 F. Supp. 2d at 616 (Kapala, J.); *R. Rudnick*, 2009 WL 112380, at *1 (Gottschall, J.); *Centerline*, 545 F. Supp. 2d at 780 (Pallmeyer, J.); *Rossario's*, 443 F. Supp. 2d at 979 (Shadur, J.).

Courts, however, are divided with respect to the second and third unfairness considerations. *Compare Paldo Sign,* 2010 WL 276701, at *2-3 (finding allegations related to unsolicited fax transmission did not satisfy Consumer Fraud Act's second and third unfairness considerations); *G.M. Sign,* 681 F. Supp. 2d at 934-35 (same); *Stonecrafters*, 633 F. Supp. 2d at 613-15 (same); *Rossario's*, 443 F. Supp. 2d at 980 (same), *with Green*, 2009 WL 2515594, at *4-5 (finding allegations related to unsolicited fax transmission satisfied Consumer Fraud Act's pleading requirements); *R. Rudnick*, 2009 WL 112380, at *3-4 (same); *Centerline*, 545 F. Supp. 2d at 780-81 (same).

This court is persuaded by the reasoning of the judges' opinions in *Centerline*, *R. Rudnick*, and *Green*. In addressing the second consideration, Judge Kennelly in *Green* explained that "[c]onduct is considered oppressive when it leaves the plaintiff with the lack of a meaningful choice." *Green*, 2009 WL 2515594, at *4. Here, HumanaDental's alleged faxes are plausibly oppressive because the recipients "had no way to remedy the harm they experienced from receipt of the first unsolicited fax." *Id.* at *4.

Similarly, with respect to the third unfairness consideration–whether the defendant's actions caused "substantial injury" to consumers–"[e]ven very small individual harms can be considered substantial, if they are part of a practice that, in the aggregate, causes substantial losses to the public as a whole." *Centerline*, 545 F. Supp. 2d at 780, *cited by Green*, 2009 WL 2515594, at *5. In this case, Brodsky alleges damages in the form of lost paper, toner, ink and

16

use of the facsimile machine and further alleges that, in addition to his individual damages, similarly situated individuals were also injured by HumanaDental's alleged conduct. (2010 Compl. ¶¶ 43-44.) Viewing these allegations in the light most favorable to Brodsky, the court finds that he has sufficiently alleged that HumanaDental's actions caused substantial injury.

At the pleading stage, this court cannot find that Brodsky's allegations regarding the unsolicited transmission of fax advertisements are insufficient to satisfy the Consumer Fraud Act's second and third unfairness considerations as a matter of law. As a result, the court finds that Brodsky's allegations state a plausible claim under the Consumer Fraud Act, and HumanaDental's motion to dismiss Brodsky's Consumer Fraud Act claim (Count III) is denied.

III.     Motions to Strike Under Federal Rule of Civil Procedure 12(f)

In its motion, HumanaDental also asks the court to strike certain references in the 2010 Complaint. Specifically, HumanaDental moves to strike (1) the request for injunctive relief under the Consumer Fraud Act claim, and (2) Count III's reference to "Substantially [sic] Consumer Protection Statues of the States in Which Other Class Members Reside." First, because Brodsky does not dispute that the Consumer Fraud Act does not provide for injunctive relief (*see* Brodsky's Resp. 19), HumanaDental's motion to strike the 2010 Complaint's request for injunctive relief under the Consumer Fraud Act is granted. Second, regarding the 2010 Complaint's references to other unnamed consumer protection statutes, Brodsky failed to respond to HumanaDental's motion to strike thereby waiving any arguments he may have had in opposition. Consequently, the references to the unnamed consumer protection laws also are stricken from the 2010 Complaint.

CONCLUSION

For the reasons set forth above, HumanaDental's motion to dismiss Brodsky's 2010

Complaint (Dkt. No. 14) is denied.  However, the court grants HumanaDental's motion to strike the 2010 Complaint's references to other unnamed consumer protection statutes and the request for injunctive relief under the Consumer Fraud Act.

ENTER:

_____
JAMES F. HOLDERMAN
Chief Judge, United States District Court

Date: February 8, 2011