# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3233 | **DATE** | 7/25/2011 |
| **CASE TITLE** | Lawrence S. Brodsky vs. HumanaDental Insurance Co. | | |

**DOCKET ENTRY TEXT**

For the reasons explained in the Statement section of this order, defendant HumanaDental Insurance Company's ("HumanaDental") "Motion for Reconsideration of the Court's February 8, 2011 Memorandum Opinion and Order" [26] is denied. Plaintiff Lawrence Brodsky ("Brodsky") is to file an Amended Complaint that is consistent with the rulings of this court on or before August 8, 2011. HumanaDental is to file its Answer thereto on or before August 22, 2011. Counsel are to confer and file an agreed upon Form 52 on or before August 29, 2011. The case is set for report on status and entry of a scheduling order at 9:00 a.m. on September 6, 2011. The parties are once again encouraged to consider and discuss settlement.

■[ For further details see text below.]

Notices mailed.

## STATEMENT

In March 2010, plaintiff Lawrence Brodsky ("Brodsky") filed a class action complaint against defendant HumanaDental Insurance Company ("HumanaDental"), in the Circuit Court of Cook County alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 (Count I), common law conversion under Illinois law (Count II), and violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("Consumer Fraud Act"), 815 ILCS 505/2, as well as "substantially [sic] consumer protection statutes of states in which other class members reside" (Count III). (Dkt. No. 1, Ex. B ¶¶ 19-44.)

On May 26, 2010, HumanaDental timely filed a notice of removal under 28 U.S.C. § 1446. (Dkt. No. 1.) HumanaDental then filed its "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12" (Dkt. No. 14), which this court denied on February 8, 2011 (Dkt. No. 22 ("February Order")). Currently before the court is HumanaDental's "Motion for Reconsideration of the Court's February 8, 2011 Memorandum Opinion and Order" (Dkt. No. 26 ("HumanaDental's Mot.")). Familiarity with the relevant facts of this case, which were previously set forth in this court's February Order, is presumed.

"The authority of a district judge to reconsider a previous ruling in the same litigation . . . is governed by the doctrine of the law of the case, which authorizes such reconsideration if there is a compelling reason, such as a change in, or clarification of, law that makes clear that the earlier ruling was erroneous." *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006).

## STATEMENT

In this case, HumanaDental argues that reconsideration of this court's February Order is warranted because "either [HumanaDental's] arguments were misunderstood, or . . . the Court misapprehended the sequence or nature of permanent events." (Dkt. No. 27 ("HumanaDental's Mem.") at 2.) Specifically, regarding the court's conclusion that Brodsky's claims should not be dismissed for lack of subject matter jurisdiction, HumanaDental contends that the court incorrectly believed that either (1) "the 2008 suit and the 2010 suit *both* named HumanaDental as defendants" (*id.* at 3), or (2) the settlement letters to Brodsky "were not specification tendered on behalf of HumanaDental, but only on behalf of other companies" (*id.* at 4). Additionally, regarding the court's determination that Brodsky's claims were not barred by the doctrine of *res judicata*, HumanaDental argues that the court "misapprend[ed] Judge Reinhard's order to mean that the 2008 suit could continue, and that it in fact continued in the form of the 2010 suit." (*Id.* at 6.) The court does not find that these arguments support reconsideration of its February Order.

First, the court did not misapprehend the facts in concluding that it had subject matter jurisdiction over Brodsky's claims. Instead, the court's February Order demonstrates that the court correctly distinguished between Humana and HumanaDental and understood that the 2008 suit did not name HumanaDental as a defendant. (*See* February Order 2-4.) The court's February Order similarly acknowledged that the November 13, 2009 settlement letter from Humana to Brodsky purported to settle Brodsky's claims against HumanaDental: "After Magistrate Judge Mahoney denied Brodsky's Motion for Leave to Amend the Complaint, Humana sent a second settlement letter to Brodsky on November 13, 2009 . . . . In that letter, Humana additionally stated that the settlement offer was made on behalf of HumanaDental." (February Order 3.)

Nor did the court misinterpret Judge Reinhard's order in determining that Brodsky's claims were not barred by *res judicata*. As this court stated in the February Order, "In the dismissal order, Judge Reinhard also expressly recognized that the 'plaintiff's proper course of action would be to file a new action against the new defendant.' Brodsky then filed a complaint against HumanaDental . . . ." (February Order 4.) The court, therefore, did not misconstrue Judge Reinhard's order to mean, as HumanaDental contends, "that the 2008 suit could continue . . . in the form of the 2010 suit."

Because HumanaDental has not identified any facts that the court misunderstood in performing its analysis in the February Order, HumanaDental has not demonstrated that reconsideration of the February Order is warranted. HumanaDental's motion (Dkt. No. 26) accordingly is denied.