IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAWRENCE S. BRODSKY, individually and as the representative of a class of similarly-situated persons, | ) ) ) ) |
| Plaintiff, | ) Case No. 10-cv-3233 ) |
| v. | ) Judge James F. Holderman ) |
| HUMANADENTAL INSURANCE COMPANY d/b/a HUMANA SPECIALTY BENEFITS, | ) ) ) ) |
| Defendant. | ) |

## AMENDED CLASS ACTION COMPLAINT

Plaintiff, LAWRENCE S. BRODSKY ("Plaintiff"), brings this action on behalf of himself and all other persons similarly situated, through his attorneys, and except as to those allegations pertaining to Plaintiff or his attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendant, HUMANADENTAL INSURANCE COMPANY d/b/a HUMANA SPECIALTY BENEFITS ("Defendant"):

## PRELIMINARY STATEMENT

1. This case challenges Defendant's practice of faxing unsolicited advertisements.

2. The federal Telephone Consumer Protection Act, 47 USC § 227, ("TCPA"), prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior express invitation or permission ("junk

faxes" or "unsolicited faxes"). The TCPA requires that all fax advertisements (including unsolicited and solicited fax advertisements) must contain a notice satisfying specific criteria and allowing the recipient to opt-out of receiving future fax advertisements. The TCPA provides a private right of action and provides statutory damages of $500 per violation.

3. Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that would have been spent on something else. A junk fax interrupts the recipient's privacy. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4. On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the TCPA, the common law of conversion, and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 ("ICFA").

5. Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## JURISDICTION AND VENUE

6. Jurisdiction is conferred by 735 ILCS 5/2-209 in that Defendant has transacted business and committed tortious acts related to the matters complained of herein.

2

7. Venue is proper in Cook County pursuant to 735 ILCS 5/2-101, et seq. because some of the tortious acts complained of occurred in Cook County, Illinois.

## PARTIES

8. Plaintiff does business as a sole proprietorship under the name The Lawrence S. Brodsky Agency, which is located in Cook County, Illinois.

9. On information and belief, Defendant's principal place of business is Green Bay, Wisconsin.

## FACTS

10. On or about May 14, 2008, Defendant faxed two advertisements to the fax number owned by Plaintiff at Plaintiff's location in Cook County, Illinois. Copies of those facsimiles are attached hereto as <u>Exhibit A</u>.

11. Defendant's fax advertisements do not contain the opt-out notice required by the TCPA.

12. Plaintiff did not give Defendant prior express invitation or permission to send Plaintiff advertisements by fax.

13. On information and belief, Defendant faxed the same and similar advertisements to Plaintiff other recipients without first receiving the recipients' express permission or invitation.

14. There is no reasonable means for Plaintiff (or any other class member) to avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

## CLASS ALLEGATIONS

15. In accordance with 735 ILCS 5/2-801, et seq., Plaintiff brings this lawsuit on behalf of the following class of persons:

> All persons who were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, with respect to whom Defendant cannot provide evidence of prior express permission or invitation for the sending of such faxes.

16. A class action is warranted because:

    (a) On information and belief, the class includes forty or more persons and, therefore, is so numerous that joinder of all members is impracticable.

    (b) There are questions of fact or law common to the class predominating over questions affecting only individual class members, including without limitation:

      (i) Whether Defendant sent advertisements by fax without first obtaining the recipients' express invitation or permission;

      (ii) Whether Defendant's facsimiles advertised the commercial availability of property, goods, or services;

      (iii) The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent the unsolicited faxed advertisements;

      (iv) Whether Defendant violated the provisions of 47 USC § 227;

(v) Whether Defendant violated the opt-out notice requirements of 47 USC § 227;

(vi) Whether Plaintiff and the other class members are entitled to statutory damages;

(vii) Whether Defendant's practice constituted an "unfair" practice under the Illinois Consumer Fraud and Deceptive Practices Act;

(viii) Whether Defendant converted the class members' paper, toner, machines, and valuable time to Defendant's own use and must compensate them for doing so;

(ix) Whether Defendant should be enjoined from faxing advertisements in the future; and

(x) Whether Defendant's violations of the TCPA were willful or knowing and, if so, whether the Court should award trebled statutory damages.

17. Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

18. A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in

controlling the prosecution of separate claims is small and individual actions are not economically feasible.

# COUNT I
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

19. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

20. Plaintiff brings Count I pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the class.

21. The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine…." 47 U.S.C. § 227(b)(1).

22. The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

23. The TCPA provides:

> 3. <u>Private right of action</u>. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> (A) An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B) An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

6

(C) Both such actions.

24. The Court, in its discretion, can treble the statutory damages if the violation was knowing. 47 U.S.C. § 227.

25. Defendant violated the 47 U.S.C. § 227 et seq. by sending advertising faxes (such as Exhibit A) to Plaintiff and the other members of the class without first obtaining their prior express invitation or permission.

26. Defendant violated 47 U.S.C. § 227 et seq. by not including an adequate opt-out notice when it sent the subject fax advertisements.

27. The TCPA is a strict liability statute and Defendant is liable to Plaintiff and the other class members even if its actions were only negligent.

28. Defendant knew or should have known that Plaintiff and the other class members had not given express invitation or permission for Defendant to fax advertisements about Defendant's goods or services and that Plaintiff and the other class members did not have an established business relationship with Defendant.

29. Defendant knew or should have known that its fax advertisements failed to contain the required opt-out notice. The subject faxes state, "If you don't want us to contact you by fax, please call 1-800-U-CAN-ASK." <u>Exhibit A</u>. This notice violates the TCPA because: (a) it is not clear and conspicuous; (b) it does not state that Defendant's failure to comply with a request to stop future faxes within 30 days is unlawful; (c) it does not contain information the recipient needs in order to make a request not to receive future faxes binding; (d) it does not contain a domestic telephone and facsimile number for the recipients to stop future faxes; and

(e) it does not indicate whether the recipient can call "1-800-U-CAN-ASK" at any time on any day of the week.

30. Defendant's actions caused damages to Plaintiff and the other class members. Receiving Defendant's junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendant's faxes. Moreover, Defendant's faxes used Plaintiff's fax machine. Defendant's faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving, reviewing and routing Defendant's illegal faxes. That time otherwise would have been spent on Plaintiff's business activities. Finally, Defendant's faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone.

31. Even if Defendant did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to waste the recipients' valuable time with Defendant's advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

WHEREFORE, Plaintiff, LAWRENCE S. BRODSKY, individually and on behalf of all others similarly situated, demands judgment in his favor and against Defendant, as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B. That the Court award $500.00 in damages for each violation of the TCPA;

C. That the Court treble the statutory damages after Plaintiff demonstrates that Defendant's violations were willful or knowing;

D. That the Court enter an injunction prohibiting Defendant from engaging in the statutory violations at issue in this action; and

E. That the Court award costs and such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 per individual, inclusive of all damages and fees.

## COUNT II
## CONVERSION

32. Plaintiff incorporates the preceding paragraphs as though fully set forth herein and brings this claim on behalf of the Class defined above.

33. By sending Plaintiff and the other class members unsolicited faxes, Defendant improperly and unlawfully converted their fax machines, toner and paper to its own use. Defendant also converted Plaintiff's employees' time to Defendant's own use.

34. Immediately prior to the sending of the unsolicited faxes, Plaintiff and the other class members owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

35. By sending the unsolicited faxes, Defendant permanently misappropriated the class members' fax machines, toner, paper, and employee time to Defendant's own use. Such misappropriation was wrongful and without authorization.

36. Defendant knew or should have known that its misappropriation of paper, toner, and employee time was wrongful and without authorization.

37. Plaintiff and the other class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of their receipt of unsolicited fax advertisements from Defendant.

38. Each of Defendant's unsolicited fax advertisements effectively stole Plaintiff's employees' time because multiple persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendant's illegal faxes. Defendant knew or should have known employees' time is valuable to Plaintiff.

39. Defendant's actions caused damages to Plaintiff and the other members of the class because their receipt of Defendant's unsolicited fax advertisements caused them to lose paper and toner as a result. Defendant's actions prevented Plaintiff's fax machines from being used for Plaintiff's business purposes during the time Defendant was using Plaintiff's fax machines for Defendant's illegal purpose. Defendant's actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendant's illegal faxes, and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, LAWRENCE S. BRODSKY, individually and on behalf of all others similarly situated, demands judgment in his favor and against Defendant, as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff' counsel as counsel for the class;

B. That the Court award appropriate damages;

C. That the Court award costs of suit; and

D. Awarding such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual class member.

## COUNT III

## ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT, 815 ILCS 505/2

40. Plaintiff incorporates the preceding paragraphs as though fully set forth herein and brings this claim on behalf of the Class defined above.

41. Defendant's unsolicited fax practice is an unfair practice, because it violates public policy, and because it forced Plaintiff and the other class members to incur expense without any consideration in return. Defendant's practice effectively forced Plaintiff and the other class members to pay for Defendant's advertising campaign.

42. Defendant violated the unfairness predicate of the ICFA by engaging in an unscrupulous business practice and by violating Illinois statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

43. Defendant's misconduct caused damages to Plaintiff and the other members of the class, including the loss of paper, toner, ink, use of their facsimile machines, and use of their employees' time.

44. Defendant's actions caused damages to Plaintiff and the other class members because their receipt of Defendant's unsolicited fax advertisements caused them to lose paper and toner consumed as a result. Defendant's actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendant was using Plaintiff's fax machine for Defendant's illegal purpose. Defendant's actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendant's illegal faxes and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, LAWRENCE S. BRODSKY, individually and on behalf of all others similarly situated, demands judgment in his favor and against Defendant, as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the class representative, and appoint Plaintiff's counsel as counsel for the class;

B. That the Court award damages to Plaintiff and the other class members;

C. That the Court award attorney fees and costs to Plaintiff's attorneys; and

D. Awarding such further relief as the Court may deem just and proper.

Respectfully submitted,

LAWRENCE S. BRODSKY, individually and as the representative of a class of similarly-situated persons

By: s/ James M. Smith
One of Plaintiff's Attorneys

| | |
|---|---|
| Brian J. Wanca | Phillip A. Bock |
| Ryan M. Kelly | James M. Smith |
| ANDERSON + WANCA | BOCK & HATCH, LLC |
| 3701 Algonquin Road, Suite 760 | 134 N. La Salle St., Suite 1000 |
| Rolling Meadows, IL 60008 | Chicago, IL 60602 |
| Telephone: 847/368-1500 | Telephone: 312/658-5500 |
| | Attorney # 44533 |

# EXHIBIT A

**Enhance your clients' benefits with dental and vision**

# One quote. One application.
# One enrollment. One bill.

Help your clients choose the dental and vision plan with the level of benefits that's best for their employees at little additional cost. We've made it even easier for them and you to do business with us, providing a single source for a quote, application, enrollment and bill.

### Our portfolio of specialty benefits products now include:

> **Cost-effective DHMO products that focus on preventive care:**
- No waiting periods
- No annual maximum
- No claims to file
- Available for your clients with two or more employees, or 10 or more if they want to include orthodontic coverage

> **Advantage Plus dental plans:**
- Use the HumanaDental Advantage Plus Network
- Members can see any dentists in the network
- Adult and child orthodontia included in most plans
- Available to groups with as few as 10 enrolled, or two enrolled if orthodontia is not included

> **HumanaVision VCP options:**
- Have multiple copayments and allowances
- Available to groups with 10 or more enrolled employees; with 2 – 9 enrolled employees when sold with a Humana medical or dental plan

※ Sell HumanaDental and HumanaVision plans and earn credits towards Humana's Leaders Club trip to Maui in 2009.

**Materials to help you promote the new product offerings include:**
- Flyer to share with clients or prospects (form number: GN-51517-FY)
- Dental brochure
- Vision brochure

To order log in to the secured agent section of Humana.com. Select "Marketing & Products," then "Dental, vision and life."

Call your Humana Specialty Benefits
sales executive for details.



HUMANA.
*Specialty Benefits*

If you don't want us to contact you by fax, please call 1-800-U-CAN-ASK.

GN-FAX 4/08

### Enhance your clients' benefits with dental and vision

## One quote. One application. One enrollment. One bill.

Help your clients choose the dental and vision plan with the level of benefits that's best for their employees at little additional cost. We've made it even easier for them and you to do business with us, providing a single source for a quote, application, enrollment and bill.

### Our portfolio of specialty benefits products now include:

› **Cost-effective DHMO products that focus on preventive care:**
- No waiting periods
- No annual maximum
- No claims to file
- Available for your clients with two or more employees, or 10 or more if they want to include orthodontic coverage

› **Advantage Plus dental plans:**
- Use the HumanaDental Advantage Plus Network
- Members can see any dentists in the network
- Adult and child orthodontia included in most plans
- Available to groups with as few as 10 enrolled, or two enrolled if orthodontia is not included

› **HumanaVision VCP options:**
- Have multiple copayments and allowances
- Available to groups with 10 or more enrolled employees; with 2 – 9 enrolled employees when sold with a Humana medical or dental plan

※ Sell HumanaDental and HumanaVision plans and earn credits towards Humana's Leaders Club trip to Maui in 2009.

**Materials to help you promote the new product offerings include:**
- Flyer to share with clients or prospects (form number: GN-51517-FY)
- Dental brochure
- Vision brochure

To order log in to the secured agent section of Humana.com. Select "Marketing & Products," then "Dental, vision and life."

Call your Humana Specialty Benefits
sales executive for details.



# HUMANA.
*Specialty Benefits*

If you don't want us to contact you by fax, please call 1-800-U-CAN-ASK.    GN-FAX 4/08