# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3233 | **DATE** | 10/12/2011 |
| **CASE TITLE** | Lawrence S. Brodsky vs. HumanaDental Insurance Co. | | |

**DOCKET ENTRY TEXT**

For the reasons explained in the Statement section of this order, defendant HumanaDental Insurance Company's ("HumanaDental") "Motion to Certify Pursuant to 28 U.S.C. §1292(b)" [36] is denied. The schedule set on September 6, 2011 remains in effect. [41] The parties continue to be encouraged to discuss settlement.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

From July 2008 until December 2009, plaintiff Lawrence Brodsky ("Brodsky") pursued a class action lawsuit ("2008 Lawsuit") against Humana, Inc. ("Humana"), the parent company of HumanaDental Insurance Company ("Humana Dental"), alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, Illinois common law, and the Illinois Consumer Fraud and Deceptive Business Practices Act ("Consumer Fraud Act"), 815 ILCS 505/2. Before the class was certified, Humana offered to settle, on behalf of both itself and HumanaDental, Brodsky's individual claims for $3500 plus any recoverable costs. Brodsky rejected the offer. Thereafter, Brodsky discovered that he had sued the wrong party, and that he should have sued HumanaDental instead.

Consequently, Brodsky's complaint was dismissed without prejudice. In March 2010, Brodsky filed another class action complaint against HumanaDental alleging substantially similar claims. (Dkt. No. 1, Ex. B ¶¶ 19-44.) HumanaDental filed a "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12" (Dkt. No. 14 ("Motion to Dismiss")), which this court denied on February 8, 2011 (Dkt. No. 22 ("February Order")). Before the court now is HumanaDental's "Motion to Certify Pursuant to 28 U.S.C. §1292(b)" (Dkt. No. 36), in which it argues that its Motion to Dismiss should be certified for interlocutory appeal.

A court should certify an appeal under §1292(b) only if the appeal involves (1) a question of law, (2) that is controlling, (3) about which "there is substantial ground for difference of opinion, and (4) the resolution of which will "materially advance the ultimate termination of the litigation." 28 U.S.C. §1292(b); *see also Ahrenholz v. Bd. of Trs. of the Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000). HumanaDental's Motion to Dismiss raises only one question of law that could potentially qualify: whether Humana's settlement offer to Brodsky in the 2008 Lawsuit moots his current claims against HumanaDental.

**STATEMENT**

Typically, an offer of all the relief a plaintiff can achieve provides the plaintiff "the equivalent of a default judgement" and thus "eliminates a legal dispute upon which federal jurisdiction can be based." *Greisz v. Household Bank*, 176 F.3d 1012, 1015 (7th Cir. 1999). Such an offer does not moot the case if the plaintiff has a motion for class certification pending, however, because an offer to satisfy plaintiff's individual claims does not satisfy the claims of the potential class members whose interests the plaintiff represents. *See id.*; *Susman v. Lincoln Am. Corp.*, 587 F.2d 866, 870-71 (7th Cir. 1978). The question here is whether Brodsky's motion for class certification in the 2008 Lawsuit is sufficient to prevent Humana's offer of individual relief to him from mooting his claims in this suit against HumanaDental.

The February Order answered that question in the affirmative, and there is not substantial ground for disagreement with that conclusion. Brodsky argues that no Seventh Circuit case has held that a motion for class certification in a separate suit against a different defendant saves a suit from mootness. It is not necessary, however, for a court of appeals to have decided a case right on point to eliminate substantial ground for disagreement. *See* 16 Charles A. Wright, et al., Federal Practice and Procedure § 3930 (2d ed. rev. 2011) ("District judges have not been bashful about refusing to find substantial reason to question a ruling of law, even in matters of first impression.").

Instead, it matters only that the policy behind *Greisz* and *Susman* is well established, and plainly applicable in this situation. Those cases establish the principle that a defendant should not be able to preclude a class action by buying off a named plaintiff before class certification can be achieved, at least after the plaintiff's intention to seek class certification is apparent. *See Greisz*, 176 F.3d at 1015; *Susman*, 587 F.2d at 870. That principle is plainly applicable here, as Brodsky's motion for class certification in the 2008 Lawsuit put Humana and HumanaDental on notice of Brodsky's intention to seek class certification. The confusion about which party was the proper defendant, and the resulting delay in Brodsky filing his suit against HumanaDental, does not alter the substance of the situation, even if it does lead to some formal differences. There is no substantial doubt about the application of the Seventh Circuit's decisions in *Greisz* and *Susman* here.

But even if there were, certification is still not appropriate, for an appellate decision would not advance the litigation. Brodsky's suit claims not only damages, but also attorney's fees and injunctive relief (Dkt. No. 1, Ex. B, at 11). So Humana's settlement offer did not offer all of the relief to which Brodsky might be entitled. Even if the Seventh Circuit, a substantial doubt, were to hold that Brodsky's attempts to certify the class did not save his claims for damages from mootness, the claims for fees and injunctive relief would still be viable. Answering the question for which HumanaDental seeks certification will thus not resolve the suit.

HumanaDental, of course, contends that Brodsky's claims for attorney's fees and injunctive relief are without merit, but this court has already denied a motion to dismiss advancing that argument (Dkt. No. 22). Although the ultimate merit of Brodsky's claims against HumanaDental remains to be determined, the allegations are sufficient to create a case or controversy over which the court has jurisdiction. Accordingly, HumanaDental's "Motion to Certify Pursuant to 28 U.S.C. §1292(b)" (Dkt. No. 36), is denied.

*James F. Holderman*