**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| LAWRENCE S. BRODSKY, individually and as the representative of a class of similarly-situated persons, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 1:10-cv-03233 |
| v. | ) ) ) | Honorable James F. Holderman Magistrate Judge Michael T. Mason |
| HUMANADENTAL INSURANCE COMPANY d/b/a HUMANA SPECIALTY BENEFITS, | ) ) ) ) | |
| Defendant. | ) ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT
OF MOTION TO COMPEL DISCOVERY**

NOW COMES the Plaintiff, Lawrence S. Brodsky, by and through his attorneys, and submits his Plaintiff's Memorandum in Support of his Motion to Compel.

I.     **BACKGROUND**

Plaintiff, Lawrence Brodsky, filed a class action Complaint against Defendant HumanaDental Insurance Company ("Defendant" or "HumanaDental"), alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 (Count I), common law conversion under Illinois law (Count II), and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 5/2 (Count III) regarding two facsimile advertisements sent to Plaintiff on May 14, 2008. On February 8, 2011, Defendant's Motion to Dismiss was denied (Doc. 22, Memorandum Opinion and Order). On July 25, 2011, Defendant's Motion to Reconsider the denial of the Motion to Dismiss was denied (Doc. 32). Defendant filed its Answer on August 22, 2011 (Doc. 34).

On September 28, 2011, Plaintiff served his First Amended Set of Requests for Production of Documents Directed to Defendant ("Requests"), attached hereto as Exhibit 1, and his First

Amended Set of Interrogatories Directed to Defendant ("Interrogatories"), attached hereto as

Exhibit 2.  On November 14, 2011, Defendant served its Response to Plaintiff's First Set of

Requests for Production of Documents ("Def.'s Resp. to Req. to Prod."), attached hereto as Exhibit

3, and its Responses and Objections to Plaintiff's First Set of Interrogatories ("Def.'s Resp. to

Interrogs."), attached hereto as Exhibit 4.

 Defendant has selectively responded to certain of Plaintiff's Requests that it deems helpful

to its litigation position in this case, namely, that it had an existing business relationship ("EBR")

with Plaintiff.  Accordingly, Defendant produced documents responsive to Requests 2, 3, 7 and 8

(Ex. 3 at pp. 2-5).  In response to the overwhelming majority of Requests, however, Defendant has

asserted the following objection and response (hereafter, "Standard Request Objection"):

> HumanaDental objects to Request No. 10 because it is overly broad, vague,
> ambiguous, unduly burdensome and seeks information that is neither relevant to the
> subject matter of this action nor reasonably calculated to lead to the discovery of
> admissible evidence.   Notwithstanding said objections and without waiving same,
> <u>because neither HumanaDental, nor any other entity on its behalf, sent the faxes that</u>
> <u>are attached to the Complaint in this matter, HumanaDental states as follows:  none</u>.

(Ex. 3; Def.'s Resp. to Req. to Prod. 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26,

28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, and 43 (emphasis added).

 Defendant has also selectively answered Interrogatories that it deems helpful to its EBR

defense.  Thus, Defendant has answered Interrogatory Nos. 6, 7, and 17.  Defendant has refused to

answer the following Interrogatories:  2, 3, 4, 5, 8, 9, 10, 11, 12, 13, 14, 15, 16, 18, 19, 20, 21, 22, 23,

and 24.  (Ex. 4; Def.'s Resp. to Interrogs.).  In response to the overwhelming majority of

Interrogatories, however, Defendant has asserted the following objection and response (hereafter,

"Standard Interrogatory Objection"):

> Without waiving any of its objections herein, HumanaDental states that it did not
> send the faxes that are attached to the Amended Complaint in the above-captioned
> matter and that the faxes were not sent on HumanaDental's behalf within the
> meaning of the TCPA, 47 U.S.C. § 227, and regulations thereunder.  HumanaDental
> therefore objects to this interrogatory on the basis that it is overly broad and seeks

> information that is neither relevant to the subject matter of this action nor
> reasonably calculated to lead to the discovery of admissible evidence. Even if
> Plaintiff had brought this action against the party who sent the faxes attached to the
> Amended Complaint, or on whose behalf the faxes were sent, the interrogatory is
> nonetheless overly broad, vague, ambiguous, unduly burdensome and seeks
> information that it neither relevant to the subject matter of this action nor reasonably
> calculated to lead to the discovery of admissible evidence.

(*See* Exhibit 4) (emphasis added). Defendant incorporates by reference the objection in

Interrogatory No. 2 into its responses to Interrogatory Nos. 3, 4, 5, 9, 10, 11, 12, 13, 14, 15, 19, 20,

21, 22, 23, and 24 (Exhibit 4).

Plaintiff's counsel sent a letter to Defense counsel pursuant to Rule 37 and Local Rule 37.2

in an effort to resolve differences between the parties regarding the aforementioned responses, a

copy of which is attached hereto as Exhibit 5. The parties had extensive telephone conferences on

February 9, 2012, and on February 13, 2012, as well as an in-person discussion following an

appearance before Magistrate Judge Mason for status, but were unable to resolve their differences

regarding Defendant's responses to Plaintiff's written discovery. (Plaintiff's Local Rule 37.2

Statement is attached hereto as Exhibit 9.)

As discussed below, Defendant should be ordered to answer Plaintiff's respond to Plaintiff's

Requests fully and with un-redacted documents and answer Plaintiff's Interrogatories under oath.

## II.    THE APPLICABLE LAW

### A.    The Federal Rules Allow for Broad Discovery.

The Federal Rules of Civil Procedure allow for broad discovery. Fed. R. Civ. P. 26(b)(1);

*Benitez v. American Standard Circuits, Inc.*, 2009 WL 40432290, at *2 (N.D. Ill. Nov. 23, 2009). Rule

26(b)(1) provides, in part:

> Parties may obtain discovery regarding any non-privileged matter that is relevant to
> any party's claim or defense – including the existence, description, nature, custody,
> condition, and location of any documents or other tangible things and the identity
> and location of persons who know of any discoverable matter. For good cause, the
> court may order discovery of any matter relevant to the subject matter involved in
> the action. Relevant information need not be admissible at trial if the discovery

appears reasonably calculated to lead to the discovery of admissible evidence.
Fed. R. Civ. P. 26(b)(1). A party may seek discovery of any document "in the responding party's
possession, custody and control," that is within the scope of Rule 26(b). Fed. R. Civ. P. 34(a);
*Benitez,* 2009 WL 40432290, at * 2; *Stella v. LVMH Perfumes and Cosmetics USA,* 2009 WL 780890, at
*2 (N.D. Ill. March 23, 2009). The party that seeks to compel discovery "has the burden of
establishing that the non-movant has control of the requested documents." *Stella,* at *2 (citation
omitted). Additionally, Fed. R. Civ. P. 33(a) requires a public or private corporation to "furnish the
information available to the party."

### B. Under the TCPA, HumanaDental is the Sender of the Facsimiles at Issue.

To the extent that Defendant's refusal to answer Requests and Interrogatories is premised
on its assertion that HumanaDental "did not send the faxes that are attached to the Amended
Complaint in the above-captioned matter and that the faxes were not sent on HumanaDental's
behalf within the meaning of the TCPA, 47 U.S.C. § 227, and regulations thereunder. . .", *see supra* at
2, 3, Defendant is wrong. The TCPA makes it unlawful to "send, to a telephone facsimile machine,
an unsolicited advertisement." 47 U.S.C. § 227(b)(1)(C). The FCC has implemented this
prohibition by promulgating 47 C.F.R. § 64.1200 (a) (3). This regulation defines "sender" as "[t]he
person or entity <u>on whose behalf</u> a facsimile unsolicited advertisement is sent <u>or whose goods or
services are advertised</u> or promoted in the unsolicited advertisement." 47 C.F.R. § 64.1200 (f)(8)
(emphasis added). The FCC promulgated this regulation on May 3, 2006. 71 Fed. Reg. 25967. The
regulation was not a change in the law but a codification of the FCC's longstanding view of the
meaning of the term sender as used in the TCPA. *Id.* at 25971 ("The Commission takes this
opportunity to emphasize that under the Commission's interpretation of the facsimile advertising
rules, the sender is the person or entity on whose behalf the advertisement is sent. In most
instances, this will be the entity whose product or service is advertised or promoted in the

message."); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 10 C.F.R. 12391, 12407 (Aug. 7, 1995) ("[T]he entity or entities on whose behalf facsimiles are transmitted are ultimately liable for compliance with the rule banning unsolicited facsimile advertisements.")

A review of the facsimiles at issue makes clear that HumanaDental's products are advertised and/or promoted. (Copies of the facsimiles in issue are attached hereto as Exhibit 10.) The facsimiles contain the following:

> Sell HumanaDental and HumanaVision plans and earn credits towards Humana's Leaders Club Trip to Maui in 2009
>
> Materials to help you promote the new product offerings include:
>
> - Flyer to share with clients or prospects(form number GN-51517-FY
> - Dental brochure
> - Vision brochure
>
> Help your clients choose the dental and vision plan with the level of benefits that's best for their employees at little additional cost. We've made it even easier for them and you to do business with us, providing a single source for a quote, application, enrollment and bill.
>
> Call your Humana Specialty Benefits sales executive for details.

(Advertisements attached hereto as Exhibit 10) (emphasis added).

In short, the facsimiles were sent on behalf of HumanaDental, d/b/a Humana Specialty Benefits. Defendant has stated that it is "standing" on its objection regarding its assertion that the facsimiles at issue were not "sent" by HumanaDental. Defendant's objection in this regard is wrong and cannot serve as a safe harbor to permit Defendant to selectively refuse to answer Plaintiff's Requests and Interrogatories.

**C.     HumanaDental has Access to Documents Responsive to Plaintiff's Requests Sought and Should be Ordered to Produce Them.**

"Federal courts have consistently held that documents are deemed to be within the 'possession, custody and control' for purposes of Rule 34 if the party has actual possession, custody

or control, or has the legal right to obtain the documents on demand." *Prokosch v. Catalina Lighting Co.*, 193 F.R.D. 633, 636 (D. Minn. 2000). In determining whether a subsidiary has "control" over documents held by its parent corporation, courts focus on the closeness of the relationship between the entities. *Flavel v. Svendala Indus., Inc.*, 1993 WL 580831, at *4 (E.D. Wis. Dec. 13, 1993). A party is generally considered to have "control" over documents under Rule 34(a) if it can likely obtain documents upon demand. *Flavel*, at *4.

In fact, courts have interpreted Rule 34 to require production if the party has the "practical ability" to obtain the documents irrespective of his legal entitlement to the documents. *Prokosch*, 193 F.R.D. at 636 (citations omitted). "The word 'control' is to be broadly construed," such that "[a] party controls documents that it has the right, authority or <u>ability</u> to obtain on demand." *Prokosch*, 193 F.R.D. at 636, *quoting Scott v. Arex*, 124 F.R.D. 39, 41 (D. Conn. 1989)(emphasis added). "Courts are able to disregard corporate form to prevent, among other things, 'misleading actions whereby corporations try to hide documents, or make discovery of them difficult.'" *Wachovia Securities, LLC v. Loop Corp.*, 2008 WL 2625907, at *1 (N.D. Ill. June 27, 2008), *citing Steele Software Sys. Corp. v. Dataquick Info. Sys., Inc.*, 237 F.R.D. 561, 564 (D.Md. 2006). "Where the relationship is thus such that the agent-subsidiary can secure documents of the principal-parent to meet its own business needs and <u>documents helpful for use in the litigation</u>, the courts will not permit the agent-subsidiary to deny control for purposes of discovery by an opposing party." *Gerling Int'l Ins. Co. v. Commissioner of Internal Revenue*, 839 F.2d 131, 141 (3d Cir. 1988). *See also Camden Iron & Metal, Inc. v. Marubeni Am. Corp.* 138 F.R.D. 438, 441 (D. N.J. 1991) (control is defined as the legal right, authority or ability to obtain documents upon demand); *Afros S.P.A. v. Krauss-Maffei Corp.*, 113 F.R.D. 127, 132 (D. Del. 1986) (when a parent has provided documents to a subsidiary, it demonstrates that the requested items are within the subsidiary's reach and the intercorporate relationship balances in favor of finding that the subsidiary has control of the requested documents).

Additionally, a corporation responding to interrogatories must provide not only the information contained in its own files and possessed by its own employees, it must also provide all information under its control. *Twentieth Century Fox v. Marvel Enterprises*, 2002 WL 1835439, at *3 (S.D.N.Y. Aug. 8, 2002). *See also In re ATM Fee Antitrust Litigation*, 233 F.R.D. 542, 546 (N.D. Cal. 2005) (citation omitted) ("[R]ule 33 requires that a corporation furnish such as is available from the corporation itself or from sources under its control").

There can be little doubt that HumanaDental has access to the documents that Plaintiff seeks through its Requests and Interrogatories. In *Brodsky v. Humana, Inc.*, 08 cv 50188 (N.D. Ill. (Western Division) (hereafter, "*Brodsky v. Humana, Inc.*"), which was based on the same facsimiles at issue in the instant case, Plaintiff subsequently concluded that based on the text of the facsimiles at issue and on other subsequent research, the proper defendant regarding the fax advertisement at issue was HumanaDental, and not Humana, Inc. Plaintiff sought to substitute HumanaDental as the defendant but that motion was denied (*Brodsky v. Humana, Inc.*, Order Denying Substitution of Party; Doc. 72). *Brodsky v. Humana, Inc.* was thereafter dismissed without prejudice (Doc. 83), and Plaintiff subsequently filed the instant complaint in this Court.

HumanaDental, in its motion to dismiss this case, asserted: "[t]he defendants in both suits are privies of one another as both are Humana entities and HumanaDental is a subsidiary of Humana, Inc." (*Brodsky v. Humana, Inc.*, Def.'s Mot. to Dismiss, Doc. 16, at p. 18 of 30). Defendant used the relationship between it and Humana, Inc. in an attempt unsuccessful to obtain dismissal based on *res judicata*. Moreover, as noted above, HumanaDental has a demonstrated ability to obtain documents and information that it believes might be helpful to its defense in this litigation. HumanaDental can't have it both ways. It can't produce documents and answer Interrogatories that it perceives to be "helpful for use in the litigation," *see Gerling*, 839 F.2d at 141, and then take the position it does not have access to responsive documents and information.

7

Defendant's refusal to respond to Requests and answer Interrogatories is particularly egregious in that HumanaDental is represented by the same attorneys in this case as represented Humana, Inc. in the *Brodsky v. Humana*. Documents were produced in *Brodsky v. Humana, Inc.* that HumanaDental now asserts it doesn't have in response to Requests in this case. Interrogatories were answered in *Brodsky v. Humana, Inc.* that HumanaDental refuses to answer in this case. While Plaintiff does not seek to have produced documents it already has in its possession, it does seek all responsive documents to the Requests discussed below, in un-redacted form. While Plaintiff has answers to Interrogatories from Humana, Inc. in *Brodsky v. Humana, Inc.*, it does not have complete answers and it does not have answers under oath from the Defendant in this case, HumanaDental, which should be ordered to respond to Plaintiff's Requests and answer Plaintiff's Interrogatories.

## III. DEFENDANT SHOULD BE ORDERED TO PRODUCE DOCUMENTS RESPONSIVE TO REQUESTS 1, 16, 17, 21, 22, 25, 26, 41, and 51.

Plaintiff addresses the Requests for which it seeks an order compelling compliance, as follows:

> **Request No. 1:** Each different form of any document which promotes, advertises, announces, or solicits any property, goods, or services of Defendant which was sent by facsimile transmission during the Relevant Time Period.

> **Plaintiff's Position**: This request seeks all advertisements sent to facsimile machines during

the relevant time period. Plaintiff is entitled to determine what advertisements Defendant did fax during the relevant time period to help identify the putative class members. Although Plaintiff seeks documents which promote and advertise Defendant's goods and services via facsimile during the relevant time period, *i.e.*, what this case is about, Defendant objects to Request No. 1 as "overly broad, vague, ambiguous, unduly burdensome and seeks information that it neither relevant to the subject matter in of this action nor reasonably calculated to lead to the discovery of admissible evidence" (*See* Ex. 3, at p. 2). Defendant's objection is simply wrong. While Plaintiff has in its possession the fax advertisements that are attached to the Complaint, all other documents

responsive to Request No. 1 are clearly relevant and should be produced. Once Plaintiff can identify

the other "same and similar" advertisements Defendant faxed, Plaintiff can then identify the other

members of the class.

      **Request No. 16**: All documents that indicate or tend to indicate the number of the
transmissions of any document identified in Request Number 1 sent via facsimile by
or on behalf of Defendant to telephone numbers during the Relevant Time Period

      **Plaintiff's Position**: This Request seeks to have Defendant produce documents regarding

how many times Defendant sent the fax documents which should have also been identified in

response to Request No. 1. Notwithstanding that Humana, Inc. attached documents to its Motion

for Summary Judgment filed in *Brodsky v. Humana, Inc.*, that are responsive to Request No. 16 (albeit

in redacted form and responsive only to what was attached to the Complaint, *see* Doc. 50, 18-26)

Defendant asserts its Standard Request Objection and then states it has no responsive documents.

Clearly, that is incorrect. In response to the <u>identical</u> production requests that were served in this

case, Humana, Inc. in *Brodsky v. Humana, Inc.* either produced documents (Request No. 1)[1], or stated

that it would produce responsive documents pursuant to a protective order (Request Nos. 16, 18,

25, 26, 29, 30, 31, 35, 36, 37, 38, and 39), indicating that responsive documents do indeed exist. (*See*

Humana, Inc.'s Second Revised Responses and Objections to Plaintiff's First Set of Requests for

Production of Documents, attached hereto as Exhibit 6, at pp. 2, 7, 8, 10, 11, 12, 14 and 15).[2]

Plaintiff should be ordered to produce the documents filed in *Brodsky v. Humana, Inc.* in un-redacted

form. Defendant should also be ordered to produce documents responsive to this Request

regarding any additional documents the Court may order the Defendant to produce in response to

Request No. 1.

---

[1] Humana, Inc.'s production in response to Request No. 1 in *Brodsky v. Humana, Inc.* was deficient.

[2] Finally, it should be noted that in *Brodsky v. Humana, Inc.*, Magistrate Judge Mahoney on July 8, 2009,
issued a Memorandum Opinion and Order on Plaintiff's motion to compel in that case that addressed many of the
same request to produce at issue in this case. (Memorandum Opinion and Order attached hereto as Exhibit 8).

**Request No. 17**: All telephone records which identify individual telephone calls for the telephone lines used to send facsimile transmissions by or on behalf of Defendant to phone number 847-991-0152.

**Plaintiff's Position**: This Request is limited to Plaintiff's fax number. Every instance Defendant sent facsimile transmissions to Plaintiff at this number is relevant. The Request is also relevant because it seeks to obtain information regarding what telephone numbers Defendant used to send out fax advertisements. Plaintiff can utilize that information to identify absent class members through third-party discovery of Defendant's telephone company. Defendant in response again asserts its Standard Request Objection and states it has no responsive documents[3] (Ex. 3 at pp. 8, 9).

**Request No. 21**: All documents that contain, refer to, set forth, or explain Defendant's policies or practices regarding the transmission of any document identified in Request Number 1 via facsimile.

**Request No. 22**: All documents that contain, refer to, set forth, or explain Defendant's polices or practices regarding the sending of any advertising or promotional material via facsimile.

**Plaintiff's Position**: These Requests seeks documents regarding Defendant's policies and practices regarding sending facsimile documents such as those sought in Request No. 1 and thus seeks highly relevant to the claim asserted. Defendant asserts its Standard Request Objection to both of these Requests and states it has no responsive documents (Ex. 3 at pp. 10, 11). Magistrate Judge Mahoney granted Plaintiff's motion to compel as to these Requests in *Brodsky v. Humana, Inc.* (Ex. 8 at pp. 4, 5).

**Request No. 25**: All documents that identify the recipients of any facsimile transmission of the document attached to the Complaint as Exhibit A.

**Request No. 26**: All documents that identify the fax numbers which were sent any facsimile transmission of the document attached to the Complaint as Exhibit A.

**Plaintiff's Position**: Requests 25 and 26 obviously seek relevant evidence – documents that

---

[3] In *Brodsky v. Humana, Inc.*, Magistrate-Judge Mahoney granted Plaintiff's motion to compel as to Request Nos. 1, 17, 21, and 22. *See* Ex. 8 at pp. 2-5

identify the recipients of the facsimile transmission attached to the Complaint as Exhibit A and documents that identify the fax numbers to which Exhibit A was sent. Notwithstanding that Humana, Inc. submitted redacted documents in support of its motion for summary judgment in *Brodsky v. Humana, Inc.* (Doc. # 50, 18-26), that are responsive to this Request, Defendant asserts its Standard Request Objection and claims it has no responsive documents to either of these Requests. While Plaintiff has these documents in redacted form, Defendant, which has not sought a protective order in this case, should be ordered to produce these documents in un-redacted form so that Plaintiff can identify part of the class.

> **Request No. 41:** All documents containing communications with any person or entity, other than your attorney, regarding any complaint or objection regarding advertisements sent by facsimile.

> **Plaintiff's Position**: Documents regarding complaints received as to facsimile

advertisements or promotion are clearly relevant. Magistrate Judge Mahoney granted Plaintiff's motion to compel as to this Request (*see* Ex. 8 at p. 6). Defendant objected to this Request as "overly broad, vague, ambiguous, unduly burdensome and seeks information that it neither relevant to the subject matter in of this action nor reasonably calculated to lead to the discovery of admissible evidence" (*see* Ex. 3, at pp. 17, 18).

> **Request No. 51**: A copy of all customer lists used during any portion of the Relevant Time Period.

> **Plaintiff's Position**: This Request seek information to identify the class. All documents

requested here are relevant and will lead to the discovery of other relevant information. It is Plaintiff's burden to prove that this class should be certified as a class action. These requests will result in the production of documents that will determine whether there is a certifiable class. Magistrate Judge Mahoney granted Plaintiff's motion to compel as to this Request (*see* Ex. 8 at p. 7 – Request 56).

## IV.   DEFENDANT SHOULD BE ORDERED TO ANSWER INTERROGATORIES 2,

**3, 4, 5, 8, 10, 11, 13, 14, 16, AND 18.**

As noted above, Defendant has chosen to answer a few Interrogatories that it apparently thinks aid in its defense, *see* Ex.4, Def.'s Ans. to Interrogs. 6, 7 and 17, and as to the overwhelming majority of Interrogatories, Defendant incorporates its Standard Interrogatory Objection and refuses to answer (*see* Ex. 4 Def.'s Resp. to Interrogs. 3, 4, 5, 9, 10, 11, 12, 13, 14, 15, 19, 20, 21, 22, 23, and 24). Moreover, Defendant simply refuses to answer Interrogatories under oath in this case that it has previously answered in *Brodsky v. Humana, Inc.* Plaintiff should be ordered to answer the following Interrogatories:

> **Interrogatory No. 2:** State whether Defendant, or any other entity acting on Defendant's behalf, has utilized facsimile transmissions delivered by telephone during the Relevant Time Period which either (1) were used for any advertising or promotional purpose, or (2) which advertised any property, goods, or services, and describe in detail the content of each different document sent by such transmissions and the time period each different document was sent.

**Plaintiff's Position**: This Interrogatory simply asks whether Defendant sent facsimiles during the relevant time period to send advertising or promotional material and to describe the documents and the time frame in which they were sent. Defendant's objection, *see supra* at p. 3, is unsupportable. Defendant answered this Interrogatory, albeit incompletely, in *Brodsky v. Humana, Inc.*, Ex. 7 at p. 3. Defendant should be required to answer this Interrogatory completely and under oath in this case.

> **Interrogatory No. 3**: State whether any facsimile transmissions identified in Interrogatory 2 were sent to the telephone number 847-991-0152 during the Relevant Time Period and state the dates such transmissions were sent.

**Plaintiff's Position**: This Interrogatory asks whether Defendant sent facsimiles to Plaintiff's fax number. Defendant asserts its Standard Interrogatory Objection and thus claims that the question of whether the facsimiles at issue were sent to Plaintiff's fax number is "irrelevant" and not likely to lead to the discovery of relevant information. Defendant answered this Interrogatory in *Brodsky v. Humana, Inc.* Ex. 7 at p. 3. Defendant should be required to answer this Interrogatory

completely and under oath in this case.

**Interrogatory No. 4:** Identify all persons with knowledge of the facsimile transmissions identified in Interrogatory No. 2.

**Plaintiff's Position**: This Interrogatory asks Defendant to identify people with knowledge of the fax transmissions Defendant should have identified in answer to Interrogatory No. 2 and thus seeks obviously relevant information. Defendant asserts its Standard Interrogatory Objection. Defendant answered this Interrogatory in *Brodsky v. Humana, Inc.* Ex. 7 at p. 3. Defendant should be required to answer this Interrogatory completely and under oath in this case.

**Interrogatory No. 5:** Identify each person who was in any way involved in the facsimile transmission(s) identified in Interrogatory 3, and identify the telephone number of the telephone line used by the sending device, the address where the sending device was located at the time each call was made, the make, model, manufacturer, and serial number of the sending device, the owner of the sending device, and the owner's telephone number.

**Plaintiff's Position**: This Interrogatory asks Defendant to identify people involved with the fax transmissions and to identify information related to the telephone line used and the sending device. This Interrogatory obviously seeks relevant information. Defendant asserts its Standard Interrogatory Objection and thus asserts that inquiring as to who was involved in the fax transmission and what device was used is irrelevant. Defendant answered this Interrogatory in *Brodsky v. Humana, Inc.* Ex. 7 at 4. Defendant should be required to answer this Interrogatory completely and under oath in this case.

**Interrogatory No. 8:** Other than any facsimile transmissions to phone number 847-991-0152, identify the telephone numbers to which any facsimile transmissions identified in Interrogatory 2 were sent during the Relevant Time Period and the date on which each such transmission was made.

**Plaintiff's Position**: This Interrogatory asks Defendant to identify the phone numbers to which facsimiles that should have been identified in response to Interrogatory No. 2 and thus seeks relevant information. The documents that Humana, Inc. submitted in *Brodsky v. Humana, Inc.* in support of its motion for summary judgment may be responsive in part to this Interrogatory, *see*

*supra* at 11, but those documents are redacted. Defendant asserts its Standard Interrogatory Objection and thus asserts that identifying the telephone numbers to which faxes were sent is irrelevant, notwithstanding that it submitted this information in *Brodsky v. Humana, Inc.* Defendant should be ordered to respond to this Interrogatory and, if the response is through documents, the documents should not be redacted.

> **Interrogatory No. 10:** Fully identify each and every person who participated in Defendant's decision to send facsimile transmissions identified in Interrogatory 2, and state the extent and substance of each such person's participation therein (Interrog. No. 10)

> **Plaintiff's Position**: This Interrogatory asks Defendant to identify people involved in the

decision to send the fax transmissions that Defendant should have identified in answer to Interrogatory No. 2 and thus seeks relevant information. Defendant asserts its Standard Interrogatory Objection. Defendant should be required to answer this Interrogatory completely and under oath in this case.

> **Interrogatory No. 11**: Fully identify the telephone service provider(s) that provided telephone service for the device(s) used to transmit facsimile transmissions identified in Interrogatory 2, stating the name, address, and account number of Defendant with that provider, and state the time period relevant to each such telephone service provider.

> **Interrogatory No. 12**: Fully identify the telephone service provider that provided telephone service for the machine used to transmit the facsimile transmission(s) identified in Interrogatory 3.

> **Plaintiff's Position**: These Interrogatories simply ask the Defendant to identify the

telephone service provider used for the fax transmissions. Defendant asserts its Standard Interrogatory Objection to each Interrogatory. Defendant answered these Interrogatories in *Brodsky v. Humana, Inc.* (Ex. 7 at p. 6). Defendant should be required to answer this Interrogatory completely and under oath in this case.

> **Interrogatory No. 13:** If Defendant operated any device used to send any facsimile transmissions identified in Interrogatory No. 2 during the Relevant Time Period, state 1) the number of occasions Defendant engaged in such transmissions, and 2)

for each such occasion, state the number of individual facsimile transmissions sent. If Defendant does not know the actual number of individual transmissions sent for any occasion, state the number of transmissions requested and/or expected to be sent on that occasion and the source of such information.

**Plaintiff's Position**:  Defendant is asked to identify the number of times it sent out fax transmissions identified in Interrogatory No. 2 and how many faxes were sent each time.  Defendant asserts its Standard Interrogatory Objection.  Defendant answered this Interrogatory partially in *Brodsky v. Humana, Inc.* (Ex. 7 at p. 7).  Defendant should be required to answer this Interrogatory completely and under oath in this case.

**Interrogatory No. 14:**  If Defendant operated any device used to send any facsimile transmissions identified in Interrogatory No. 2, during the Relevant Time Period, fully describe the equipment and/or software used, including 1) the name and version of the software used on the device, 2) location of the device when used to send such transmissions, 3) the current location of the device, 4) the identity of all users of the device, 5) and the telephone numbers of each telephone line connected to the device when used to send such transmissions.

**Plaintiff's Position**:  Defendant is asked to identify the device used to send faxes identified in Interrogatory No. 2.  Defendant answered this Interrogatory in *Brodsky v. Humana, Inc.*  Ex. 7 at pp. 7, 8.  Defendant should be required to answer this Interrogatory completely and under oath in this case.

## IV.  CONCLUSION

WHEREFORE, Plaintiff requests that this Court enter an Order requiring Defendant to respond to Plaintiff's Request to Produce Nos. 1, 16, 17, 21, 22, 25, 26, 41, and 51 and to answer Interrogatories Nos**.** 2, 3, 4, 5, 8, 10, 11, 13, and 14.

Respectfully submitted,

By:     s/Wallace C. Solberg
        One of Plaintiff's Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2012, I electronically filed the foregoing with the Clerk of

the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

s/Wallace C. Solberg

Brian J. Wanca                          Phillip A. Bock
Wallace C. Solberg                      James M. Smith
ANDERSON & WANCA                        BOCK & HATCH, LLC (#44533)
3701 Algonquin Road, Suite 760          134 N. LaSalle St., Suite 1000
Rolling Meadows, IL 60008               Chicago, IL 60602
Telephone: 847-368-1500                 Telephone: 312-658-5500