IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAWRENCE S. BRODSKY, individually ) <br> and as the representative of a class of ) <br> similarly-situated persons, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HUMANADENTAL INSURANCE COMPANY ) <br> d/b/a HUMANA SPECIALTY BENEFITS, ) <br> ) <br> Defendant. ) | No. 10 C 3233 |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, Chief Judge:

From July 2008 until December 2009, plaintiff Lawrence S. Brodsky pursued a class action lawsuit ("2008 Lawsuit") against Humana, Inc., the parent company of defendant HumanaDental Insurance Company, alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, Illinois common law, and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2. In the course of that lawsuit, Brodsky determined that he had sued the wrong party, and that he should have sued HumanaDental instead. Consequently, Brodsky's complaint was dismissed without prejudice, and Brodsky filed this class action complaint with identical allegations against HumanaDental. Brodsky now alleges that on or about May 14, 2008, HumanaDental violated the TCPA and committed related violations by sending two unsolicited advertisements to a fax machine Brodsky allegedly owned without consent and without an existing business relationship. *See* 47 U.S.C. § 227(b)(1)(C).

On September 6, 2011, this court set a schedule including a deadline of March 15, 2012, for the parties to amend pleadings and add any additional parties. (Dkt. No. 41.) No party requested an

extension to that deadline. The deadline thus remained in effect despite extensions to other deadlines in the case, and it came and went without any amendments. On July 19, 2012, HumanaDental filed a summary judgment motion in which it argued that it was not liable because, although its name was on the facsimiles, the insurance products advertised in the facsimiles were offered by companies other than HumanaDental. (Dkt. No. 91.)[1] Through the summary judgment motion and subsequent discovery (which Brodsky obtained on September 10, 2012), Brodsky identified the insurers as CompBenefits Dental, Inc., CompBenefits Insurance Company, CompBenefits of Alabama, Inc., CompBenefits of Georgia, Inc., The Dental Concern, Inc., and DentiCare, Inc. (collectively, the "Additional Defendants"). Because the regulations implementing the TCPA define a sender as "the person or entity on whose behalf a facsimile unsolicited advertisement is sent or whose goods or services are advertised or promoted in the unsolicited advertisement," 47 C.F.R. § 64.1200(f)(8) (2008), Brodsky now seeks, in a motion filed on September 26, 2012, to amend his complaint to add the Additional Defendants. (Dkt. No. 104.) For the reasons explained below, that motion is denied.

Because Brodsky seeks to amend his pleadings after the deadline set in the court's scheduling order, he must show "good cause" for the late amendment before the court will consider the requirements of Fed. R. Civ. P. 15(a)(2). *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011); *see also* Fed. R. Civ. P. 16(b)(4). District courts have wide discretion to determine the existence of good cause, but "the primary consideration for district courts is the diligence of the party seeking amendment." *Alioto*, 651 F.3d at 720. Brodsky contends that he has been diligent in his efforts to prepare this case for trial, but that he was unable to discover the identity of the

---

[1] The court denied that summary judgment motion without prejudice to allow Brodsky to pursue additional discovery and to file the motion to amend. (Dkt. No. 100.)

Additional Defendants until HumanaDental disclosed their existence in its motion for summary judgment.

Brodsky's argument fails because he had multiple opportunities to discover the identity of the Additional Defendants long before HumanaDental's summary judgment motion and the filing of this motion to amend, yet failed to exercise due diligence to do so. First, Brodsky was plainly on notice from the inception of the 2008 lawsuit that the TCPA defined a "sender" as the entity whose goods or services are advertised. In light of that definition, an obvious interrogatory to ask during discovery, both in the 2008 Lawsuit and in this case, was the identity of the entities who offered the insurance products advertised in the facsimiles. Despite over nine months of discovery in this case (from September 6, 2011, through June 20, 2012) and several months of discovery in the 2008 Lawsuit, Brodsky never attempted to ask that question.[2]

Second, HumanaDental asserted on April 16, 2012, in its response to a motion to compel in this case, that "the evidence . . . will establish . . . that [HumanaDental] is not the insuring company for any of these products." (Dkt. No. 65, at 4.) That statement plainly put Brodsky on notice that other entities may have been the insuring entities of the advertised products. Due diligence thus required Brodsky to inquire of HumanaDental about the identity of any such companies. Brodsky did not do so.

Third, on May 22, 2012, and June 13, 2012, two different employees of Humana and HumanaDental stated in depositions that the advertised insurance products were related to "Comp

---

[2] In both cases, those periods of discovery allowed only Rule 23 fact discovery on issues related to class certification. Nonetheless, information regarding the identity of potential additional defendants is plainly relevant and discoverable at that stage, as those additional defendants would be parties opposing the formation of the class, and their presence in the lawsuit may have affected the scope of the class. *See, e.g.*, Fed. R. Civ. P. 23(b)(2).

Benefits" companies. (*See* Dkt. No. 109, Ex. B, at 43:19-25, 44:1-13; Dkt. No. 109, Ex. C, at 17:18-25, 18:1-5, 19:13-25, 20:1-7.) The employees' statements are somewhat equivocal, as both employees could not remember the precise names of the insuring entities. Nonetheless, the depositions were sufficient to put Brodsky on notice again that he should have inquired of HumanaDental the identity of the insuring entities, but he did make any attempt to do so.

Brodsky contends that these opportunities should not be held against him because many of them came after the deadline for amending pleadings on March 15, 2012. Nonetheless, even after the formal deadline had passed, due diligence required Brodsky to seek leave to amend his pleadings as quickly as possible to minimize prejudice to the parties and in the interest of justice. Brodsky's delay in discovering the identity of the Additional Defendants, when he had multiple opportunities to do so, undercuts any argument that he exercised due diligence.

Brodsky also contends that he diligently pursued the identity of the Additional Defendants through Interrogatory 23 of his discovery requests, which he propounded to both Humana in the 2008 Lawsuit and to HumanaDental in this lawsuit. (Dkt. No. 60, Ex. 4, at 17.) That interrogatory states:

> If you contend that any other entity or individual should be responsible for the actions complained of in this lawsuit, fully identify each such entity or individual and state all facts supporting such contention or regarding the entity's or individual's role in the actions complained of in this lawsuit.

(*Id.*) Brodsky faults HumanaDental for not answering that interrogatory, which it asserts should have elicited the identity of the Additional Defendants. Instead, HumanaDental responded:

> HumanaDental objects to Interrogatory No. 23 on the basis that is vague and ambiguous; in particular, the phrase "should be responsible for" is vague and ambiguous in the context of this interrogatory. HumanaDental further objects on the basis that this interrogatory seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible

>evidence. HumanaDental further objects on the basis that this interrogatory seeks information that is protected from disclosure by the attorney-client and work product privileges, other than as may be disclosed or reflected in HumanaDental's pleadings in this case.

(*Id.* at 17-18.) In addition, HumanaDental now asserts that it need not have answered the interrogatory because it sought a legal opinion and not facts. All of those objections are frivolous. The Federal Rules of Civil Procedure plainly allow requests for information about the other side's legal theories and contentions in a case. Fed. R. Civ. P. 33(a)(2). Moreover, Interrogatory 23 did not request information about HumanaDental's communications with its attorney, or about work the attorney had prepared in preparation for trial. Finally, the information sought was highly relevant, particularly in light of HumanaDental's later filing of a summary judgment motion on the ground that other parties were responsible for the actions in the complaint.

HumanaDental's fault does not automatically mean that Brodsky has exercised due diligence, however. Following HumanaDental's objection to Interrogatory 23, Brodsky failed to file a motion to compel or to engage in any other attempt to force HumanaDental to answer. Moreover, Brodsky provides no explanation for his failure. That failure thus undermines any argument that Brodsky exercised due diligence in attempting to discover the identity of the Additional Defendants.

Accordingly, the court determines there is no good cause for allowing an amendment to the pleadings. At this late stage of the case, allowing claims against the Additional Defendants would require additional discovery that would significantly delay the resolution of this matter. The court will not allow such a delay.

## CONCLUSION

For the reasons explained above, Brodsky's "Motion for Leave to File Second Amended Complaint and to add Additional Defendants" (Dkt. No. 104) is denied. The court sets a status

hearing on 12/13/12 at 9:00 a.m. to set additional dates.

                                              ENTER:

                                              _____
                                              JAMES F. HOLDERMAN
                                              Chief Judge, United States District Court

Date: November 30, 2012