IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAWRENCE S. BRODSKY, individually and as the representative of a class of similarly-situated persons, ) ) ) ) Plaintiff, ) ) v. ) HUMANADENTAL INSURANCE COMPANY d/b/a HUMANA SPECIALTY BENEFITS, ) ) ) ) Defendant. ) | No. 10 C 3233 |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, Chief Judge:

This class action lawsuit alleges that defendant HumanDental Insurance Company violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, Illinois common law, and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2, by sending unsolicited facsimile advertisements to plaintiff Lawrence Brodsky and others. Currently pending before the court is Brodsky's motion for reconsideration of the court's November 30, 2012, order denying Brodsky leave to amend his complaint. (Dkt. No. 115.) Because the date for amending pleadings in the court's scheduling order (Dkt. No. 41) had passed, Brodsky was required to show "good cause" for the late amendment before the court would consider the requirements of Fed. R. Civ. P. 15(a)(2). *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011); *see also* Fed. R. Civ. P. 16(b)(4). The primary consideration for the court in deciding whether good cause was shown was "the diligence of the party seeking amendment." *Alioto*, 651 F.3d at 720.

The court held that Brodsky had failed to show good cause because he had multiple opportunities to discover the identity of the additional defendants he sought to add in his amended

complaint, and yet failed to exercise diligence to do so. In particular, the court noted that Brodsky was on notice from before the filing of the lawsuit of the TCPA's definition of a "sender" who is subject to liability—"the person or entity on whose behalf a facsimile unsolicited advertisement is sent or whose goods or services are advertised or promoted in the unsolicited advertisement," 47 C.F.R. § 64.1200(f)(8) (2008)—but failed to inquire of HumanaDental about whose goods or services were advertised in the facsimiles.

    Brodsky's motion to reconsider seeks to excuse that failure by noting that Humana, Inc., the parent company of HumanDental, took the position under oath that it was the sender of the advertisements at issue, and that HumanaDental has maintained that position in the current lawsuit. (Dkt. No. 127, at 8-9.) Brodsky, however, cites no instance in which Humana, Inc. or HumanaDental stated that Humana, Inc. was the exclusive sender of the facsimiles or that the products advertised were exclusively Humana, Inc. products. Accordingly, the statements did not preclude the possibility that other entities offered some of the products in the facsimile advertisements. Moreover, Brodsky goes on to argue that "[n]otwithstanding Humana, Inc.'s assertions [that it was the sender], and in the exercise of due diligence, Plaintiff continued to investigate and determined HDIC was the proper defendant, i.e., the entity whose goods and services were referenced in the facsimile advertisement (and thus the sender under the TCPA)." (Dkt. No. 127, at 9.) In other words, Brodsky knew that Humana, Inc.'s assertions were false, and yet he persists in arguing that he relied on those assertions and thus cannot be faulted for the failure to investigate further the identity of the entities whose goods and services were advertised in the facsimiles. If Brodsky knew that Humana, Inc. was not actually the proper defendant, however, he should have continued to exercise diligence to discover the proper defendants by asking which entities offered the goods and services advertised in the

facsimiles. He did not do so, so the court rejects Brodsky's implausible argument.

Next, Brodsky returns to his argument that the general question in Interrogatory 23 of his discovery requests sought information about other entities who offered products in the facsimile advertisements. (Dkt. No. 60, Ex. 4, at 17.) That interrogatory states:

> If you contend that any other entity or individual should be responsible for the actions complained of in this lawsuit, fully identify each such entity or individual and state all facts supporting such contention or regarding the entity's or individual's role in the actions complained of in this lawsuit.

(*Id.*) HumanaDental objected to the interrogatory and failed to respond. Although the court noted that the objections were frivolous, it held that Brodsky had not exercised diligence in filing a motion to compel a response:

> HumanaDental's fault does not automatically mean that Brodsky has exercised due diligence, however. Following HumanaDental's objection to Interrogatory 23, Brodsky failed to file a motion to compel or to engage in any other attempt to force HumanaDental to answer. Moreover, Brodsky provides no explanation for his failure. That failure thus undermines any argument that Brodsky exercised due diligence in attempting to discover the identity of the Additional Defendants.

(Dkt. No. 116, at 5.) Brodsky's motion to reconsider now attempts to provide the missing explanation for his failure to file a motion to compel or to serve additional, more specific interrogatories on HumanaDental seeking the identity of other entities whose products might be advertised in the facsimiles. The explanation is, again, that "Plaintiff did not seek to compel on Interrogatory No. 23 because the position asserted by Humana, Inc. and HDIC, consistent with its position throughout the course of the litigation, was that Humana, Inc. was the sender of the fax." (Dkt. No. 127, at 8.) As the court has just explained, however, it was utterly unreasonable for Brodsky to rely on Humana, Inc.'s representations that it was the sender of the fax, both because those statements do not preclude the existence of other senders, and because Brodsky admits that

he determined Humana, Inc.'s statements to be false.

Brodsky also points out that the Seventh Circuit has described the "good cause" standard as an inquiry into whether the movant seeking an amendment "was, or should have been, aware of the facts" leading to the amendment. *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005). Quite so. Under that standard, though, it is irrelevant that Brodsky did not actually become aware of the identity of the defendants he seeks to add until only a few weeks before his motion to amend. Brodsky "should have been" aware of their identities much earlier, for he had ample opportunities to discover their identity with the exercise of diligence.

None of the other arguments Brodsky raises have any merit. The court will deny his motion for reconsideration.

## CONCLUSION

For the reasons explained above, Brodsky's motion for reconsideration of the court's order denying his motion to amend (Dkt. No. 126) is denied.

ENTER:

_____

JAMES F. HOLDERMAN
Chief Judge, United States District Court

Date: December 21, 2012